**Jeffrey W. Cowan, Esq., SBN 157474**
The Cowan Law Firm
9301 Wilshire Boulevard, Suite 609
Beverly Hills, California 90210-6190
jeffrey@cowan-law.com
Tel: (310) 394-1420; Fax: (310) 394-1430

Attorney for Plaintiff **Diana Grootonk**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| Diana Grootonk,<br><br>    Plaintiff,<br><br>vs.<br><br>Labrie Environmental Group, LLC, Wynnchurch Capital, L.P. and DOES 1-200,<br><br>    Defendants. | Case No. 8:22-cv-01868-FWS-ADS<br><br>[Assigned to Hon. Fred W. Slaughter; Action removed on October 13, 2022]<br><br>**Plaintiff Diana Grootonk's Amended Complaint (with Demand for Jury) for**<br><br>1. **Violation of Labor Code § 1198.5**<br>2. **Labor Code § 203**<br>3. **Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>4. **Gender and Age Discrimination in Violation of the Fair Employment Housing Act (Government Code § 12940 et seq)**<br><br>Place: Courtroom 10D |

1

**Plaintiff Diana Grootonk's Amended Complaint**

## INTRODUCTORY ALLEGATIONS

1. In 2020, Defendant Labrie Environmental Group, LLC ("Labrie") hired Plaintiff Diana Grootonk to be its CEO. Labrie did so in conjunction with (a) its acquisition by Wynnchurch Capital, LP and (b) its desire for continuity given that Ms. Grootonk had been Labrie's CEO for over 10 years. Labrie's employment agreement with Ms. Grootonk included equity in the company that vested over time.

2. Less than a year later, Labrie fired Ms. Grootonk despite never having voiced any dissatisfaction with her performance. It also failed to timely pay her owed wages (or any waiting time penalties). Labrie then refused to comply with Ms. Grootonk's statutory request to inspect her personnel file.

## THE PARTIES

3. Plaintiff Diana Grootonk ("Ms. Grootonk") at all relevant times was residing and working in Orange County, California.

4. Labrie manufactures garbage trucks. [See https://labriegroup.com/] At all relevant times, Labrie was a Delaware entity headquartered in Quebec, Canada while its holding company owner (Defendant Wynnchurch Capital, LP) was based in Cook County, IL in a suburb of Chicago.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 200, inclusive, are unknown to Ms. Grootonk, who therefore sues said Defendants by such fictitious names. Ms. Grootonk will seek leave of court to amend this pleading and insert the true names and capacities of said Defendants when the same have been ascertained.

6. Each of the Defendants was the alter ego, agent, servant, employee, bailee, licensee, assignee, successor in interest, conspirator, and/or partner of each of the other Defendants and acted within the course and scope of said agency, service, employment, bailment, lease, license, assignment,

2
**Plaintiff Diana Grootonk's Amended Complaint**

successor in interest, conspiracy, and/or partnership with the knowledge, permission and consent of each of the other named Defendants. Each of the Defendants ratified and approved the acts of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. In conjunction with its acquisition, Labrie agreed to continue employing Ms. Grootonk, which in turn helped create a perception of stability to (a) Labrie's investors, and (b) the solid waste industry. Labrie's employment agreement with Ms. Grootonk had performance targets over several years that would have let her acquire up to 4% of Labrie's stock/equity. The agreement also specified that Ms. Grootonk would be based in California (where she had lived for decades) but have a New York office, and that Delaware law would apply (contrary to California Labor Code § 925). Page 2 of Ms. Grootonk's September 1, 2020 employment agreement contains a section entitled "California Residence" that states as follows "Your principal residence will be in California and you will maintain an office/reside in New York City. The Company will reimburse you for documented residence/office expenses up to $175,000 a year for your New York office/residence, including maintenance, assessments, fees, and utilities."

8. As CEO, Ms. Grootonk caused Labrie to meet its performance targets while working from California (as well as New York and other locations as business required). She received neither complaints nor criticisms about her performance.

9. In June 2021, Labrie fired Ms. Grootonk without either warning or cause.

## FIRST CAUSE OF ACTION
**(Labor Code § 1198.5 – Against Defendant Labrie and Does 1-10)**

10. Plaintiff incorporates by reference ¶¶ 1 through 9 herein.

3
**Plaintiff Diana Grootonk's Amended Complaint**

11. On July 5, 2021, Ms. Grootonk sent Labrie a written request for her personnel file pursuant to Labor Code § 1198.5  A true copy of the request is attached hereto as **Exhibit 1.**

12. Labrie refused to comply in a July 7, 2021 email incorporated herein as **Exhibit 2.**  Labrie then maintained its refusal even after Ms. Grootonk had her lawyer explain why (in writings incorporated herein and attached hereto as **Exhibit 3**) California law required Labrie to provide the personnel file.

13. Defendants' actions violated Labor Code § 1198.5

14. As a result, Ms. Grootonk was entitled to injunctive relief compelling Labrie to provide her with her personnel file pursuant to Labor Code § 1198.5(l).  Because Labrie later provided the subject personnel file after being served with this lawsuit (subject to certain terms between the parties), Ms. Grootonk is also entitled to recover a $750 penalty against Labrie per Labor Code § 1198.5(k), and also her fees and costs pursuant to Labor Code § 1198.5(l).

## SECOND CAUSE OF ACTION

**(Labor Code § 203 Waiting Time Penalties – Against Labrie and Does 1-20)**

15. Plaintiff incorporates by reference ¶¶ 1 through 9 herein.

16. When Labrie fired Ms. Grootonk, it did not immediately pay her all owed wages as Labor Code § 201 requires.  As a result Ms. Grootonk is entitled to waiting time penalties pursuant to Labor Code § 203 in a sum to be proved at trial but believed to exceed $21,000.

/ / /

## THIRD CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing) – Against All Defendants)**

17. Plaintiff incorporates by reference ¶¶ 1 through 9 herein.
18. Defendants fired Ms. Grootonk to keep her from being able to earn the bonuses and up to 4% of Labrie's stock per her employment agreement. In so doing, they breached the implied covenant of good faith and fair dealing.
19. As a result, Ms. Grootonk has suffered damages in a sum to be proved at trial but believed to exceed $12 million in foregone value of the stock and lost income of more than $1,000,000.

## FOURTH CAUSE OF ACTION

**(Fair Employment Housing Act/California Government Code § 12940 – Against All Defendants)**

20. Plaintiff incorporates by reference ¶¶ 1 through 9 herein
21. At all relevant times, Ms. Grootonk was a woman over age 40.
22. Labrie, aided and abetted by Wynnchurch and the other defendants, fired Ms. Grootonk because of her gender and/or age and replaced her with a male CEO (Michael Eastabrook) who is about 10 years younger than Ms. Grootonk.
23. With regard to certain non-CEO sales duties that Ms. Grootonk also had been performing while employed as Labrie's CEO, Labrie (again aided and abetted by Wynnchurch and the other defendants) replaced Ms. Grootonk with a male employee named John Carroll who is about 20 years younger than Ms. Grootonk.
24. The foregoing actions violated California Government Code Section 12940 (including Section 12940(i) as to Wynnchurch).

25. Ms. Grootonk has exhausted her administrative remedies by filing and serving a DFEH complaint *vis a* vis these FEHA discrimination claims.

26. As a result of the foregoing discrimination, Ms. Grootonk is entitled to recover past and future lost income damages (consisting of *inter alia* wages, perquisites, and equity) in a sum to be proved at trial but believed to exceed $13 million (and/or recover the Class B equity in WC LEG Topco LP that her employment agreement (in the section on the first page entitled "Equity Participation) provided she was to receive).

27. Ms. Grootonk has also suffered emotional distress damages in an amount to be proved at trial but believed to exceed $500,000.

28. The foregoing unlawful actions of Defendants with respect to the decision to fire Ms. Grootonk because of her gender and/or age were done with malice or oppression and were committed, authorized or ratified by an officer, managing agent or director.   Accordingly, Ms. Grootonk is entitled to an award of punitive damages in an amount to be proved at trial but sufficient to deter and punish Defendants.

Wherefore, Plaintiff Diana Grootonk prays as follows:

As to the 1st Cause of Action

1. For injunctive relief compelling Defendants to produce Plaintiff's personnel file.
2. For a fine of at least $750.
3. For costs of suit (including legal fees per Labor Code § 1198.5)

As to the 2nd Cause of Action

4. For Labor Code § 203 waiting time penalties in a sum to be proved at trial but believed to exceed $17,000.
5. For prejudgment interest in a sum to be proved at trial but believed to exceed $1,200.

**Plaintiff Diana Grootonk's Amended Complaint**

6. For costs of suit and attorneys fees per Labor Code § 218.5

As to the 3rd Cause of Action

7. For damages in a sum to be proved at trial but believed to exceed $13 million.

As to the 4th Cause of Action

8. For lost income in an amount to be proved at trial but believed to exceed $13 million.

9. For general damages in an amount to be proved at trial but believed to exceed $500,000.

10. For costs of suit (including legal fees) pursuant to the FEHA.

11. For punitive damages in a sum to be proved at trial but sufficient to punish Defendants and make an example of them and deter future similar unlawful actions.

As to All Causes of Action

12. For such other or further relief as the Court deems proper.

**Plaintiff demands a trial by jury on all causes of action.**

                                                Respectfully submitted,

                                                **THE COWAN LAW FIRM**

DATED: December 12, 2022        By:    *Jeffrey W. Cowan*
                                                          Attorneys for **Diana Grootonk**

The Cowan Law Firm
9301 Wilshire Blvd., Suite 609
Beverly Hills, California 90210
(310) 394-1420

**Plaintiff Diana Grootonk's Amended Complaint**

**Demand for Jury Trial**

Plaintiff respectfully demands a trial by jury of all causes of action.

Respectfully submitted,

**THE COWAN LAW FIRM**

DATED: December 12, 2022          By: ___*Jeffrey W. Cowan*_____
                                          Attorneys for **Diana Grootonk**

**Plaintiff Diana Grootonk's Amended Complaint**

The Cowan Law Firm
9301 Wilshire Blvd., Suite 609
Beverly Hills, California 90210
(310) 394-1420