Case 8:22-cv-01868-FWS-ADS Document 23-3 Filed 12/12/22 Page 1 of 14 Page ID #:141
Electronically Filed by Superior Court of California, County of Orange, 06/30/2022 04:19:42 PM.
30-2022-01267824-CU-WT-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R. Trent, Deputy Clerk.

**Jeffrey W. Cowan, Esq., SBN 157474**
The Cowan Law Firm
9301 Wilshire Boulevard, Suite 609
Beverly Hills, California 90210-6190
jeffrey@cowan-law.com
Tel: (310) 394-1420; Fax: (310) 394-1430

Attorneys for **Plaintiff Diana Grootonk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| Diana Grootonk, an individual,<br><br>                       Plaintiff,<br>vs.<br><br>Labrie Environmental Group, LLC, a Delaware entity, and DOES 1-200,<br><br>                       Defendants. | Case No. 30-2022-01267824-CU-WT-WJC<br><br>**Plaintiff Diana Grootonk's Complaint for**<br><br>**1.    Violation of Labor Code § 1198.5**<br><br>**2.    Labor Code § 203**<br><br>**3.    Breach of the Implied Covenant of Good Faith and Fair Dealing**<br><br>**4.    Violation of the Fair Employment Housing Act**<br><br>Assigned for All Purposes<br>Judge Richard Lee |

## INTRODUCTORY ALLEGATIONS

1.    In 2020, Defendant Labrie Environmental Group, LLC ("Labrie") hired Plaintiff Diana Grootonk to be its CEO. Labrie did so in conjunction with (a) its acquisition by Wynnchurch Capital, LP and (b) its desire for continuity given that Ms. Grootonk had been Labrie's CEO for over 10 years. Labrie's employment agreement with Ms. Grootonk included equity in the company that vested over time.

1

Diana Grootonk's Complaint

2. Less than a year later, Labrie fired Ms. Grootonk despite never having voiced any dissatisfaction with her performance. It also failed to timely pay her owed wages (or any waiting time penalties). Labrie then refused to comply with Ms. Grootonk's statutory request to inspect her personnel file.

## THE PARTIES

3. Plaintiff Diana Grootonk ("Ms. Grootonk") at all relevant times was residing and working in Orange County, California.

4. Labrie manufactures garbage trucks. [See https://labriegroup.com/] At all relevant times, Labrie was a Delaware entity headquartered in Quebec, Canada while its holding company owner was based in Cook County, IL in a suburb of Chicago.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 200, inclusive, are unknown to Ms. Grootonk, who therefore sues said Defendants by such fictitious names. Ms. Grootonk will seek leave of court to amend this pleading and insert the true names and capacities of said Defendants when the same have been ascertained.

6. Each of the Defendants was the alter ego, agent, servant, employee, bailee, licensee, assignee, successor in interest, conspirator, and/or partner of each of the other Defendants and acted within the course and scope of said agency, service, employment, bailment, lease, license, assignment, successor in interest, conspiracy, and/or partnership with the knowledge, permission and consent of each of the other named Defendants. Each of the Defendants ratified and approved the acts of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. In conjunction with the merger, Labrie agreed to continue employing Ms. Grootonk, which helped create a perception of stability to Labrie's investors and the solid waste industry. Labrie's employment agreement with Ms. Grootonk had performance targets over several years that would have let her acquire up to 4% of Labrie's stock/equity. The agreement also specified that Ms. Grootonk would be based in California (where

she had lived for decades) but have a New York office, and that Delaware law would apply.

8. Ms. Grootonk then caused Labrie to meet its performance targets. She received no complaints or criticisms about her performance.

9. In June 2021, Labrie fired Ms. Grootonk without either warning or cause.

## FIRST CAUSE OF ACTION

**(Wrongful Termination Pursuant to Labor Code § 1102.5 – Against Defendant Labrie and Does 1-10)**

10. Plaintiff incorporates by reference ¶¶ 1 through 9 herein.

11. On July 5, 2021, Ms. Grootonk sent Labrie a written request for her personnel file pursuant to Labor Code § 1198.5  A true copy of the request is attached hereto as **Exhibit 1.**

12. Labrie refused to comply in a July 7, 2021  email incorporated herein as **Exhibit 2.** Labrie then maintained its refusal even after Ms. Grootonk had her lawyer explain why (in writings incorporated herein and attached hereto as **Exhibit 3**) California law required Labrie to provide the personnel file.

13. Defendants' actions violated Labor Code § 1198.5

14. As a result, Ms. Grootonk is entitled to injunctive relief compelling Labrie to provide her with her personnel file pursuant to Labor Code § 1198.5(l).  Ms. Grootonk is also entitled to recover a $750 penalty against Labrie per Labor Code § 1198.5(k), and also her fees and costs pursuant to Labor Code § 1198.5(l).

## SECOND CAUSE OF ACTION

**(Labor Code § 203 Waiting Time Penalties – Against Labrie and Does 1-20)**

15. Plaintiff incorporates by reference ¶¶ 1 through 9 herein.

16. When Labrie fired Ms. Grootonk, it did not immediately pay her all owed wages as Labor Code § 201 requires.  As a result Ms. Grootonk is entitled waiting time penalties

pursuant to Labor Code § 203 in a sum to be proved at trial but believed to exceed $21,000.

### THIRD CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing) – Against All Defendants)

17. Plaintiff incorporates by reference ¶¶ 1 through 9 herein.

18. Defendants fired Ms. Grootonk to keep her from being able to earn the bonuses and up to 4% of Labrie's stock per her employment agreement. In so doing, they breached the implied covenant of good faith and fair dealing.

19. As a result, Ms. Grootonk has suffered damages in a sum to be proved at trial but believed to exceed $12 million in foregone value of the stock and lost income of more than $1,000,000.

### FOURTH CAUSE OF ACTION

### (Fair Employment Housing Act – Against All Defendants)

20. Plaintiff incorporates by reference ¶¶ 1 through 9 herein

21. At all relevant times, Ms. Grootonk was a woman over age 40.

22. Ms. Grootonk anticipates (a) filing and serving a DFEH complaint after she gets her personnel file and then (b) asserting claims in this action discrimination under the Fair Employment & Housing Act (Government Code § 12940 et seq).

23. As a result of the foregoing discrimination, Ms. Grootonk has suffered financial damages in a sum to be proved at trial but believed to exceed $13 million as well as having suffered emotional distress in an amount to be proved at trial but believed to exceed $500,000.

Wherefore, Plaintiff Diana Grootonk prays as follows:

As to the 1st Cause of Action

1. For injunctive relief compelling Defendants to produce Plaintiff's personnel file.
2. For a fine of at least $750.
3. For costs of suit (including legal fees per Labor Code § 1198.5)

As to the 2nd Cause of Action

4. For Labor Code § 203 waiting time penalties in a sum to be proved at trial but believed to exceed $17,000.
5. For prejudgment interest in a sum to be proved at trial but believed to exceed $1,200.
6. For costs of suit and reasonable attorneys fees per Labor Code § 218.5

As to the 3rd Cause of Action

7. For damages in a sum to be proved at trial but believed to exceed $13 million.

As to the 4th Cause of Action

8. For lost income in an amount to be proved at trial but believed to exceed $13 million.
9. For general damages in an amount to be proved at trial but believed to exceed $500,000.
10. For costs (including legal fees) pursuant to the FEHA.

As to All Causes of Action

11. For such other or further relief as the Court deems proper.

Respectfully submitted,

**THE COWAN LAW FIRM**

DATED: June 30, 2022        By: /s/ Jeffrey W. Cowan
                                 Jeffrey W. Cowan
                                 Attorneys for Diana Grootonk

5
Diana Grootonk's Complaint

# Exhibit 1

**From:** Diana Grootonk
**Sent:** Tuesday, July 6, 2021 1:06 PM
**To:** Greg Gleason; meastabrook@labriegroup.com; Mary Kriz
**Cc:** Paul Morton
**Subject:** REQUEST #1

Greg:

Pursuant to California Labor Code SS432 and 1998.5 I write to invoke my right to the following records:

(1) My personnel file (including all documents that should be in it but for whatever reason have been stored/filed elsewhere),
(2) All writings relating to grievances about me, and
(3) All documents that I signed, or was asked to sign, or were otherwise provided to me, during or in conjunction with my employment.

Kindly send these documents to my attention via certified mail or overnight carrier to my attention at the following address:

DIANA GROOTONK
511 DAHLIA AVE
CORONA DEL MAR, CA 92625

Sincerely,
Diana Grootonk

Cc: Paul Morton

# Exhibit "2"

**From:** Greg Gleason <ggleason@wynnchurch.com>
**Sent:** Wednesday, July 7, 2021 3:56:28 PM
**To:** dianag1@msn.com <dianag1@msn.com>
**Cc:** pmorton@walkermortonllp.com <pmorton@walkermortonllp.com>; Michael Eastabrook <michael.eastabrook@labriegroup.com>; mary.kriz@labriegroup.com <mary.kriz@labriegroup.com>
**Subject:** RE: REQUEST #2

Hi Diana,

You should have the COBRA package. United Healthcare was notified and sent it to your address (attached are the details for your convenience). You just need to sign the paperwork. There's a transition period so no lapse in coverage. Also, this is between you and United Healthcare since the company would only pay for the COBRA if you signed the release in your employment agreement.

The information requests under the California Labor Code are not applicable. You agreed that your employment relationship was governed by Delaware law pursuant to the terms of the employment letter. Furthermore, Labrie has no presence in California and your services you during the course of your employment were provided out of Labrie's locations and NYC, not California.

On the bonus, I was referring to your expense reports and a cash bonus that was submitted by you and required to go through payroll and on your taxable income. It was just one example included in significant expense reimbursements. The expenses related to the maid's room at your NYC residence was not authorized by us.

Thanks,
Greg


**From:** Diana Grootonk <dianag1@msn.com>
**Sent:** Tuesday, July 6, 2021 12:16 PM
**To:** Greg Gleason <ggleason@wynnchurch.com>; meastabrook@labriegroup.com; Mary Kriz <mary.kriz@labriegroup.com>
**Cc:** Paul Morton <pmorton@walkermortonllp.com>
**Subject:** REQUEST #2


Dear Greg,

I write to invoke my right to the following information:

1. An explanation of why my final pay was not initiated on my termination date (06/11/21); and a detailed breakdown of the 6/24/21 payment from Labrie in the amount of 30k+/-;
2. A full COBRA benefits package (which I have not received to date) to be sent to my residence in California via overnight carrier to:

   DIANA GROOTONK
   511 DAHLIA AVE
   CORONA DEL MAR, CA 92625

3. A detailed explanation of your refusal to pay my NYC expenses that are seriously in arrears;
4. A detailed explanation and backup documentation of your assertion that I authorized a bonus for myself prior to my departure.

Please let me know when I will receive these items (as you can imagine, I need them as soon as possible). Thank you in advance for your cooperation.

Sincerely,
Diana Grootonk

Cc: Paul Morton

The information contained in this transmission is intended only for the party to which it is addressed and may contain confidential and/or privileged material and is not, and may not be relied on in any manner as, legal, tax or investment advice or as an offer to sell or a solicitation of an offer to make an investment in the Funds managed or sponsored by Wynnchurch Capital, L.P., its successors or affiliates (collectively, "Wynnchurch"). If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Wynnchurch assumes no liability for any reliance hereon or for losses incurred as a result of investment actions based on any materials provided herein. Please be advised that neither Wynnchurch, nor any of its agents, gives, nor is authorized to give, investment, legal, tax or accounting advice to any fund investor, prospect or third party.

The information contained in this transmission is intended only for the party to which it is addressed and may contain confidential and/or privileged material and is not, and may not be relied on in any manner as, legal, tax or investment advice or as an offer to sell or a solicitation of an offer to make an investment in the Funds managed or sponsored by Wynnchurch Capital, L.P., its successors or affiliates (collectively, "Wynnchurch"). If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Wynnchurch assumes no liability for any reliance hereon or for losses incurred as a result of investment actions based on any materials provided herein. Please be advised that neither Wynnchurch, nor any of its agents, gives, nor is authorized to give, investment, legal, tax or accounting advice to any fund investor, prospect or third party.

# Exhibit "3"

# The Cowan Law Firm
9301 Wilshire Boulevard, Suite 609
Beverly Hills, CA 90210
Telephone: (310) 394-1420
Facsimile: (310) 394-1430
www.cowan-law.com

September 7, 2021

Jeffrey W. Cowan
Email: jeffrey@cowan-law.com

**Via Email to ggleason@wynnchurch.com & U.S. Mail**
Mr. Greg Gleason
Labrie Environmental Group, LLC
c/o Wynchchurch Capital, L.P.
6250 North River Road, Suite 10-100
Rosemont, IL 60018

   RE: Diana Grootonk

Dear Mr. Gleason,

  We represent Diana Grootonk in conjunction with her employment with Labrie Environmental Group, LLC. All communications should be directed to us.

  You are hearing from us because, *inter alia*, Labrie has violated California Labor Code § 1198.5 by refusing Ms. Grootonk's July 6, 2021 request for a copy her personnel file.

  Your July 7, 2021 email to Ms. Grootonk argues that Ms. Grootonk – a California resident – is not entitled to the benefits of this particular California statute because her employment agreement states that Delaware law controls. Not so. California law protects its residents' employment rights in situations such as here. You should review Labor Code § 925 and *Olinick v. BMG Ent.*, 138 Cal. App. 4th 1286, 1305 (2006).

  Given this body of law, you have until 5 p.m. on Friday September 17, 2021 to produce Ms. Grootonk's personnel file (including all documents that should have been in it but for whatever reason were either physically or electronically stored elsewhere). Otherwise, Ms. Grootonk will be forced to initiate action.

  If you want to discuss this issue, please let me know ASAP. I'm in and out of the office over the next two weeks due to religious holidays and an out-of-state deposition.

             Very truly yours,

             Jeffrey W. Cowan

JWC:ls
cc: Diana Grootonk
   Kristopher Tayyeb, Esq.

# Jeffrey Cowan

| | |
|---|---|
| **From:** | Ruhaak, Martin <Martin.Ruhaak@ropesgray.com> |
| **Sent:** | Tuesday, September 28, 2021 6:33 PM |
| **To:** | Jeffrey Cowan |
| **Subject:** | RE: follow-up on Grootonk personnel file |

Jeff,

I spoke with my client and they are not interested in providing the employee file. They have made a generous severance offer to Diana that exceeded the requirements of her employment agreement. Diana is likely perfectly aware of what is in her employee file as she was the individual who would have maintained such a file during her long tenure with Labrie. For those reasons and plenty of others, my client views all of this as a fishing expedition that they don't want to take part in.

Further, all of the statements that I made during our phone conversation about the attenuated connection to California are accurate. Labrie is not Myers, and Diana's activities as CEO of Labrie occurred outside of California.

My client would be happy to have a conversation about a severance package and release of claims, but believes that none of this furthers that effort in a credible way.

**Martin Ruhaak**
**ROPES & GRAY LLP**
T +1 312 845 1387 | M +1 312 342 2016
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Martin.Ruhaak@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Jeffrey Cowan <jeffrey@cowan-law.com>
**Sent:** Tuesday, September 28, 2021 6:57 PM
**To:** Ruhaak, Martin <Martin.Ruhaak@ropesgray.com>
**Subject:** follow-up on Grootonk personnel file

Dear Marty,

During our phone call last Friday about Labrie Environmental's failure to produce Ms. Grootonk's personnel file, you raised the point that Labrie had provided her with an apartment in New York. As I noted then, whatever arrangements were made to facilitate Ms. Grootonk's ability to work on the East Coast are irrelevant to the fact that she also worked as the company's CEO from California – and her employment agreement (attached) expressly provides that her principal residence would remain in in California. You already have my core case authority for the proposition that California courts will not enforce the Delaware choice of law provision in the Labrie employment agreement with Ms. Grootonk.

You agreed to let me know this week if your client will reconsider its position about producing Ms. Grootonk's personnel file pursuant to Labor Code Section 1198.5. Please let me know tomorrow. Please also remember that subsection (l) of the statute provides for the recovery of legal fees and costs.

1

As I said last week, it's in everyone's interest to move on to discussing severance/settlement issues once my client and I have received her personnel file. If it is as innocuous as you contend, your client will suffer no prejudice from complying with California law and providing it.

- Jeffrey

P.S. I'm generally in the office tomorrow afternoon if you need to reach me on the phone.

**Jeffrey W. Cowan | The Cowan Law Firm | www.cowan-law.com | (Note our new address effective April 25, 2020)** 9301 Wilshire Boulevard, Suite 609, Beverly Hills, California  90210| Phone:  (310) 394-1420 ext. 101| Fax: (310) 394-1430 | E-mail: jeffrey@cowan-law.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. This message may be an attorney client communication and/or attorney work product which is privileged and confidential. If the reader is not the intended recipient, you are notified that you have received this message in error and that any review, dissemination, copying or distribution is prohibited. If you have received this communication in error, please notify the sender immediately by e-mail and delete or destroy the original message and all copies. Thank you.

Please be sure to communicate with us only via secure email that no one else has the right to access.  If you are an employee seeking to communicate with us on your own behalf (as opposed to the behalf of your employer), please use only your personal email and not the email of your employer, and ***do not*** write to us using an internet based email account (like Gmail or Yahoo) *from an employer's computer*.